| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Ashley N. Arnett (SBN 305162) |
|   | aarnett@seyfarth.com |
| 3 | 601 South Figueroa Street, Suite 3300 |
|   | Los Angeles, California 90017-5793 |
| 4 | Telephone:  (213) 270-9600 |
|   | Facsimile:   (213) 270-9601 |
| 5 | Attorneys for Defendants |
| 6 | HPTWN Properties Trust and |
|   | LIBOR Management LLC (erroneously sued as |
| 7 | LIBOR California Beverages LLC) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>            Plaintiff,<br><br>    v.<br><br>HPTWN PROPERTIES TRUST, a Real Estate Investment Trust; LIBOR CALIFORNIA BEVERAGE LLC, a Minnesota Limited Liability Company; and Does 1-10,<br><br>            Defendants. | Case No. **'20CV2374 H    JLB**<br><br>(San Diego Superior Court Case No. 37-2020-00039840-CU-CR-NC)<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: October 30, 2020 |

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants HPTWN Properties Trust and LIBOR Management LLC ("Defendants") hereby removes the above-referenced action filed by Plaintiff Orlando Garcia ("Plaintiff") (collectively the "Parties") in the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to effect the removal of this action, and states that removal is proper for the reasons set forth below.

## BACKGROUND

1. This removal involves a lawsuit that was filed by Plaintiff on October 30, 2020 in the Superior Court of the State of California for the County of San Diego, entitled *Orlando Garcia v. HPTWN Properties Trust, et al.*, Case No. 37-2020-00039840-CU-CR-NC. *See* Declaration of Ashley N. Arnett ("Arnett Decl") at ¶ 3.

2. The Complaint asserts two claims for relief against Defendant: (1) violation of Title III of the Americans with Disabilities Act ("ADA")—42 U.S.C. § 12182, and (2) violation of the Unruh Civil Rights Act—Civil Code §§ 51, 52. *See* Arnett Decl. at ¶ 4.

## TIMELINESS OF REMOVAL

3. Plaintiff personally served Defendants with the Complaint on November 6, 2020. *See* Arnett Decl. at ¶ 5.

4. This Notice of Removal is timely as it is filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *See* 28 U.S.C. § 1446(b)(1).

///

///

**GROUNDS FOR REMOVAL**

5. This Court has original jurisdiction over actions involving one or more federal questions. *See* 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

6. Plaintiff's first cause of action in the Complaint seeks remedies under Title III of the ADA—a federal statute codified at 42 U.S.C. §§ 12181, *et seq*. *See* Arnett Decl. at ¶ 3, pp. 5-6. This action therefore presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7. Plaintiff's remaining claim is asserted under California's Civil Code §§ 51, 52 (Unruh Civil Rights Act) based on an alleged failure to provide full and equal access to Defendant's services, specifically relating to Defendant's reservation policies and practices, in violation of the ADA. *See* Arnett Decl. at ¶ 3, p. 7.

8. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claim as it arises from, relates to, and emanates from the same alleged ADA violation, and is so related that it forms part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

**VENUE**

9. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1391. This action originally was brought in the Superior Court of the State of California for the County of San Diego, which is located within the Southern District of the State of California, and the allegations in Plaintiff's Complaint occurred in the County of San Diego.

**NOTICE OF REMOVAL**

10. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

11. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants, including the Summons and Complaint, are attached as Exhibit A to the Declaration of Ashley N. Arnett.

12. The undersigned, as counsel for Defendants, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants pray that the above action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

DATED: December 4, 2020                Respectfully submitted,

                                          SEYFARTH SHAW LLP

                                          By: */s/ Ashley N. Arnett*
                                                Ashley N. Arnett
                                                Attorneys for Defendants HPTWN Properties Trust and LIBOR Management LLC (erroneously sued as LIBOR California Beverages LLC)

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California  90017-5793.

On **December 4, 2020**, I served the within document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

| | |
|---|---|
| Amanda L. Seabock<br>Raymond G. Ballister , Jr<br>Russell C. Handy<br>Zachary Manning Best<br>**CENTER FOR DISABILITY ACCESS**<br>8033 Linda Vista Road Suite 200<br>San Diego, California 92111<br>Telephone No.:  858-375-7385<br>Email: amandas@potterhandy.com<br>Email: rayballister@potterhandy.com<br>Email: russ@potterhandy.com<br>Email: zacharyb@potterhandy.com | Attorneys for Plaintiff<br>ORLANDO GARCIA |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on **December 4, 2020**, at Los Angeles, California.



Sandra Hinojosa