# EXHIBIT A



**Notice of Service of Process**

TMM / ALL
**Transmittal Number: 22274104**
**Date Processed: 11/09/2020**

**Primary Contact:**   Sarah Strand
Radisson Hospitality, Inc.
701 Carlson Pkwy
Ste 300 Mailstop 4001
Minnetonka, MN 55305-5248

**Electronic copy provided to:**   Jane Woodbury

| | |
|---|---|
| **Entity:** | Libor California Beverage LLC<br>Entity ID Number  2349913 |
| **Entity Served:** | Libor California Beverage LLC |
| **Title of Action:** | Orlando Garcia vs. HPTWN Properties Trust |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2020-00039840-CU-CR-NC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/06/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Russell Handy<br>858-375-7385 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMMONS**
(CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
**HPTWN Properties Trust**, a Real Estate Investment Trust; **Libor California Beverage LLC**, a Minnesota Limited Liability Company; and Does 1-10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/30/2020** at 11:58:42 AM

Clerk of the Superior Court
By Gregory Hornick,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):

**Orlando Garcia**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decider en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servivios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: United States Superior Court in and for the County of San Diego | CASE NUMBER: |
|---|---|
| (El nombre y direccion de la corte es): 325 South Melrose Dr Vista, CA 92081 The North County Regional Center | 37-2020-00039840-CU-CR-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

| DATE: 11/03/2020 (Fecha) | Clerk, by _G. Hornick_____ (Secretario) | , Deputy (Adjunto) |
|---|---|---|

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/30/2020** at 11:58:42 AM
Clerk of the Superior Court
By Gregory Hornick,Deputy Clerk

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| **Orlando Garcia,** | **Case No.**   37-2020-00039840-CU-CR-NC |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **HPTWN Properties Trust,** a Real Estate Investment Trust; **Libor California Beverage LLC,** a Minnesota Limited Liability Company; and Does 1-10, | |
| Defendants, | |

Plaintiff Orlando Garcia complains of HPTWN Properties Trust, a Real Estate Investment Trust; Libor California Beverage LLC, a Minnesota Limited Liability Company, and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from cerebral palsy. He has the use of only one arm. He uses a wheelchair, walker, or cane for mobility.

1

2.   Defendant HPTWN Properties Trust, owns the Country Inn & Suites by Radisson, located at 5975 Lusk Blvd., San Diego, California, currently and at all times relevant to this complaint. Defendant Libor California Beverage, LLC operates the hotel currently and at all times relevant to this complaint.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

4.   This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of San Diego, and Defendant's offending Website is available throughout California.

5.   Venue it proper in this Court because Defendant conducts business in this County.

6.   Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT**

7.   This is a lawsuit challenging the reservation policies and practices of a

2

Complaint

place of lodging. Plaintiff does not know if any physical or architectural barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8.   After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9.   As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique

3

needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in October of 2020 to the San Diego, California, area.

13. He chose the Country Inn & Suites by Radisson, located at 5975 Lusk Blvd., San Diego, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. Plaintiff went to the Country Inn & Suites by Radisson reservation website at https://www.radissonhotels.com/en-us/hotels/country-inn-san-diego seeking to book an accessible room at the San Diego location on October 1, 2020.

16. For example, under the "Accessible features" heading, it states: "Amenities within accessible range to reach", "Lever hardware", "Roll-in shower", "Grab bars by tub", "Wheelchair-accessible lobby", "Wheelchair-accessible public entrance", and "Wheelchair-accessible public restrooms". These are vague and conclusory statements. Likewise, under the "King Bed" it states: "Accessible room options are also available and may include a roll-in shower." These vague and conclusory statements do not contain enough

4

1   information to allow Plaintiff to independently assess if the room and hotel are

2   accessible. For example, there is no mention if the bedroom has compliant

3   clear floor space, or if the toilet and sink are accessible, or if the table/desk is

4   accessible.

5   17. The defendant's reservation system failed to identify and describe the

6   accessible features in the guestroom chosen by the plaintiff in enough detail to

7   reasonably permit him to assess independently whether the particular

8   guestroom met his accessibility needs. The photos that accompany those

9   rooms do not show any accessible features.

10   18. This lack of information created difficulty for the plaintiff and the idea

11   of trying to book this room -- essentially ignorant about its accessibility --

12   caused discomfort for the Plaintiff.

13   19. Plaintiff would like to patronize this hotel but is deterred from doing so

14   because of the lack of detailed information through the hotel's reservation

15   system. Plaintiff not only travels frequently but is always on the lookout for

16   businesses that violate the law and discriminate against him and other persons

17   with disabilities, intending to have them comply with the law and pay statutory

18   penalties.

19

20   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

21   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

22   Defendants.) (42 U.S.C. section 12101, et seq.)

23   20. Plaintiff re-pleads and incorporates by reference, as if fully set forth

24   again herein, the allegations contained in all prior paragraphs of this

25   complaint.

26   21. Under the ADA, it is an act of discrimination to fail to make reasonable

27   modifications in policies, practices, or procedures when such modifications

28   are necessary to afford goods, services, facilities, privileges advantages or

5

accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

22. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

   a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

   b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

   c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

   *See* 28 C.F.R. § 36.302(e).

23. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible

Complaint

1  rooms.

2

3  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

4  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

5  Code § 51-53.)

6  24. Plaintiff repleads and incorporates by reference, as if fully set forth

7  again herein, the allegations contained in all prior paragraphs of this

8  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

9  that persons with disabilities are entitled to full and equal accommodations,

10  advantages, facilities, privileges, or services in all business establishment of

11  every kind whatsoever within the jurisdiction of the State of California.  Cal.

12  Civ. Code §51(b).

13  25. The Unruh Act provides that a violation of the ADA is a violation of the

14  Unruh Act.  Cal. Civ. Code, § 51(f).

15  26. Defendants' acts and omissions, as herein alleged, have violated the

16  Unruh Act by, inter alia, failing to comply with the ADA with respect to its

17  reservation policies and practices.

18  27. Because the violation of the Unruh Civil Rights Act resulted in difficulty

19  and discomfort for the plaintiff, the defendants are also each responsible for

20  statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

21

22  **PRAYER:**

23  Wherefore, Plaintiff prays that this Court award damages and provide

24  relief as follows:

25  1. For injunctive relief, compelling Defendants to comply with the

26  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

27  plaintiff is not invoking section 55 of the California Civil Code and is not

28  seeking injunctive relief under the Disabled Persons Act at all.

7

Complaint

1    2. Damages under the Unruh Civil Rights Act, which provides for actual
2    damages and a statutory minimum of $4,000 for each offense.
3    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
4    to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).
5
6
7    Dated: October 29, 2020                CENTER FOR DISABILTY ACCESS
8
9
10
11                                          By:_____
12                                          Russell Handy, Esq.
13                                          Attorneys for Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

Complaint

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385   FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff,  Orlando Garcia | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/30/2020** at 11:58:42 AM<br>Clerk of the Superior Court<br>By Gregory Hornick, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 325 South Melrose Dr
MAILING ADDRESS: 325 South Melrose Dr
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: The North County Regional Center.

CASE NAME:
Garcia v. HPTWN Properties Trust et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2020-00039840-CU-CR-NC |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | Judge Earl H. Maas III<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/29/2020
Russel Handy, Esq.
_____
(TYPE OR PRINT NAME)                    ►           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the
　case involves an uninsured
　motorist claim subject to
　arbitration, check this item
　instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or
　toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) *(not civil
　harassment)* (08)
Defamation (e.g., slander, libel)
　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer
　　or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage *(not provisionally
　complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent
　　domain, landlord/tenant, or
　　foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
　drugs, check this item; otherwise,
　report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex
　case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment *(non-
　　domestic relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment
　　Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
　above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-
　　harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified
　above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

**CIVIL CASE COVER SHEET**

**Department N-28 Policies and Procedures - Honorable Earl H. Maas, III** 🖼
North County
Revised: August 19, 2019

**Honorable Earl H. Maas, III, Presiding**

**Department Courtroom Staff:**

| | | |
|---|---|---|
| Courtroom Clerk: | Noreen McKinley | (760) 201-8028 |
| Calendar Clerk: | Josie Castillo | (760) 201-8704 |
| Research Attorney: | Jo-Ann Coates | |
| Bailiff: | Christopher Lauraitis | |

**Conformity with Local Rules:** Unless otherwise indicated herein, Department 28 strictly adheres to the San Diego Superior Court Local Rules, Division II.

**Case Management Conferences:** Case Management Conferences are heard on Fridays at 9:00am. Counsel shall file a Case Management Statement pursuant to California Rules of Court, Rule 3.725. Continued Case Management Conferences do not require a new statement unless directed by the Court.

**Continuances:** 1st continuance request to continue Case Management Conference, Trial, Trial Readiness Conference and Motion cut-off dates may be requested by Stipulation and Proposed Order. The Court will review the Stipulation and Proposed Order and if necessary will call the parties to schedule an ex parte hearing.

**Default Prove-up Hearings:** Default Prove-up hearings are heard on Fridays at 10:30 a.m.

**Ex Parte Matters:** Ex parte appearances are by reservation only on Monday and Wednesday 8:30 a.m. Ex Parte papers are due no later than 11:00 am the business day prior to the scheduled ex parte appearance. Parties must meet and confer prior to reserving an ex parte date. Failure to formally meet and confer may result in your hearing being taken off calendar. Notifying the other party of the ex parte hearing does not constitute meeting and conferring. A declaration stating the issues in dispute along with attached copies of what has been requested and any responses given is required.

**Failure Hearings:** Telephonic appearances will not be allowed.

**Law and Motion Matters:** Motions are heard on Fridays at 1:30 p.m. by reservation only. A Tentative ruling may be posted on the San Diego Superior Court website (www.sdcourt.ca.gov) no later than 4:00 p.m. the court day before the hearing date. Motions are heard in accordance with California Rules of Court, Rule 3.1308(a)(2). Motions to compel will be calendared without requiring an ex parte hearing.

**Minor's Compromises:** Minor's compromises are heard on Friday at 1:30p.m. by reservation only. The guardian and minor must be present. Minor's compromise papers must be submitted no later than noon the business day prior to the scheduled hearing.

**Settlement Conferences:** Settlement briefs are to be submitted to the settlement judge at least five court days prior to the hearing. Settlement Conferences are usually calendared on Friday mornings or afternoons with general trial judges in the North County Courthouse Complex. Settlement Conferences may be calendared by calling the courtroom clerk at (760) 201-8028. Please be advised that settlement conferences are calendared 60 to 90 days from the date of reservation.

**Telephonic Appearances:** Telephonic appearances are pursuant to CRC § 3.670. CourtCall® is the designated provider of teleconferencing services for court appearances for the San Diego Superior Court.
Call (888) 882-6878 for details. See attached.

**Personal Appearances Required:**

- Trials and hearings where witnesses are expected to testify
- Hearings on Temporary Restraining Orders
- Trial Readiness Conferences (by Trial Counsel)
- Trial Call (by Trial Counsel)
- Hearings on motions in limine
- Persons ordered to appear to show cause why sanctions should not be imposed for violation of a Court Order or Rule

**Trial:** This department is normally in session for trials Mon-Thurs 9:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Although trial will not be in session on Fridays, the jury will be required to deliberate on Fridays. Jury fees are due at the end of each week and will be summarized through billing statements provided by the courtroom clerk.

**Trial Call:** Trial Calls are at 9:15 a.m. on Fridays. Trial counsel must be personally present. Telephonic appearances are not allowed.

**Trial Readiness Conference:** Trial counsel must be personally present; telephonic appearances are not allowed. Trial Readiness Conferences are heard at 10:15 a.m. on Fridays or as designated by the court. A complete joint trial readiness conference report must be filed at this hearing.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      325 S Melrose DRIVE
MAILING ADDRESS:    325 S Melrose DRIVE
CITY AND ZIP CODE:   Vista, CA 92081-6695
BRANCH NAME:         North County
TELEPHONE NUMBER:  (760) 201-8028

PLAINTIFF(S) / PETITIONER(S):     Orlando Garcia

DEFENDANT(S) / RESPONDENT(S):  HPTWN Properties Trust et.al.

GARCIA VS HPTWN PROPERTIES TRUST [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2020-00039840-CU-CR-NC |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Earl H. Maas, III                                        Department: N-28

**COMPLAINT/PETITION FILED:** 10/30/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/27/2021 | 10:00 am | N-28 | Earl H. Maas, III |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule** 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2020-00039840-CU-CR-NC          CASE TITLE: Garcia vs HPTWN Properties Trust [IMAGED]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II. Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO** | **FOR COURT USE ONLY** |
|---|---|
| STREET ADDRESS:    325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA  92081-6695 | |
| BRANCH NAME.     North County | |

| PLAINTIFF(S):    Orlando Garcia |
|---|

| DEFENDANT(S): HPTWN Properties Trust et.al. |
|---|

| SHORT TITLE:    GARCIA VS HPTWN PROPERTIES TRUST [IMAGED] |
|---|

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | **CASE NUMBER:** 37-2020-00039840-CU-CR-NC |
|---|---|

Judge: Earl H. Maas, III                                           Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                       Date: _____

_____                               _____
Name of Plaintiff                                                  Name of Defendant

_____                               _____
Signature                                                              Signature

_____                               _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                               _____
Signature                                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  11/03/2020                                           _____
                                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1